

**ORDERED in the Southern District of Florida on July 11, 2016.**

_____
Robert A. Mark, Judge
United States Bankruptcy Court

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN THE MATTER OF:
JOSE G MATUTE                               CASE NO.: 15-22516-RAM
                                            CHAPTER: 13

    Debtor,
_____/

### ORDER GRANTING MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN ON REAL PROPERTY HELD BY PENNYMAC CORPORATION (DE # 45)

THIS CASE came to be heard on June 22, 2016 upon the Debtor's *Motion to Value and Determine Secured Status of Lien on Real Property held by Pennymac Corporation* (Docket Entry # 45). Having considered the Motion and being otherwise fully advised in the premises and for reasons stated on the record, the Court finds as follows:

1. The value of the debtors' real property (the "Real Property") located at 2962-64 NW 32 Street, Miami, FL 33142-5468, more particularly described as:

    **Legal Description: LOT 8, BLOCK 26, MELROSE HEIGHTS 3RD SECTION, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 13, AT PAGE 18, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA.**

      is $200,000.00 at the time of filing. (July 10, 2015)

2. The total of all claims secured by liens on the Real Property senior to the lien of Pennymac Corporation (The "Lender") is $0.00.

Consequently, it is **ORDERED** as follows:

1. The Motion is **GRANTED**.

2. Lender has an allowed secured claim in the amount of $200,000.00.

3. Lender filed a proof of claim in this case (2-1). It shall be classified as a secured claim in the amount provided in paragraph 2, above, and as a general unsecured claim in the amount of $ 395,584.70, regardless of the original classification in the proof of claim as filed.

4. Lender's secured claim shall be paid during the plan by the Debtor paying a principal amount of $200,000.00 at a 5.25% interest, totaling $ 227,832.00. Payments will be $2,836.96 per month for months one (1) through eleven (11) and for months twelve (12) through sixty (60) will be $4,012.31.

5. The real property may not be sold or refinanced without proper notice and further order of the court.

6. Notwithstanding the foregoing, this Order is not recordable or enforceable until the debtor receives a discharge in this chapter 13 case.

7. Debtor will amend the plan within fourteen (14) days to conform to this Order.

8. The loan will remain escrowed, and the plan will be amended to address the escrow.

Submitted By:

RICARDO R. CORONA, ESQ.
Florida Bar No. 111333
3899 NW 7 Street, Suite 202-B
Miami, FL 33126
(305) 266-1150 Phone

Attorney for debtor is directed to serve a conformed copy of this Order on all interested parties immediately upon receipt hereof and to file a certificate of service.